# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAMEA GRANT,<br><br>    Plaintiff,<br><br>    v.<br><br>ENTERTAINMENT CRUISES, INC.;<br>SPIRIT CRUISES, LLC,<br><br>    Defendants. | Civil Action Nos. 17-1159 (JEB)<br>                 17-1410 (JEB) |

## MEMORANDUM OPINION

Tamea Grant, a deckhand on a local cruise ship who suffered injuries during a docking incident, now brings these consolidated *pro se* actions against the cruise line and its parent. While difficult to decipher, the Amended Complaints appear to invoke the District of Columbia's Occupational Safety and Health Act, the District's Industrial Safety Act, and the federal Jones Act. Defendants now move to dismiss, contending that the first statute provides no private right of action and that claims asserted under the latter two are insufficiently pled. Agreeing with the first argument but only some of the second, the Court will grant the Motion in part and deny it in part.

**I.    Background**

As the two Amended Complaints (one in No. 17-1159 and one in No. 17-1410) are virtually identical – save for a few exceptions addressed shortly − the Court will principally cite the more recent one, which was filed in No. 17-1159 on August 29, 2017. See ECF No. 23. The Court presumes the allegations therein true at this stage and sets forth the following facts

1

accordingly. This is no easy task as much of the factual recitation is jumbled, and what actually happened on board the ship is not easily discerned.

Plaintiff, who served in the U.S. Navy for 20 years, was employed as a deckhand on vessels operated by Entertainment Cruises in the District of Columbia's harbor. See Am. Compl., ¶¶ 13, 16. On April 25, 2015, an injury to a member of the dining staff left the boat's captain "in a bad mood." Id., ¶¶ 17-18. In the casting-off process shortly thereafter, Grant assisted the Captain, who "yanked the gangway . . . [and] began slamming it back and forth in the walkway." Id., ¶ 19. Another officer was concerned that she had been injured, but Plaintiff informed him that she had "moved [her] hand." Id. There was then a second incident when the boat was preparing to dock after the outing, in which the Captain, "upset with the many negative events that day," attempted to dislodge a stuck rope or line, but ended up "whipp[ing] the line over Ms. Grant['s] head" and "smack[ing] [her] on the fore head." Id., ¶ 22. She "became dazed and began to faint," but he only smiled. Id., ¶ 23. These incidents caused "severe headaches, ringing in her ears, memory loss, visual disturbances, searing pain in elbow joint, and inability to straighten arm diagnosed as golfer's elbow." Id., ¶ 30.

The Amended Complaint, which invokes this Court's diversity jurisdiction, lists four causes of action, one each under D.C. Code § 32-1117(e), § 32-808(a), § 32-1103(a), and § 12-301(8). Id. at ECF pp. 9-13. The Amended Complaint in No. 17-1410, conversely, adds to the fourth count a reference to 46 U.S.C. § 30104 and "federal maritime law." See ECF No. 16 at 13. Defendants have successfully moved to consolidate the two cases, given their identical nature, see Minute Order of Aug. 29, 2017, in No. 17-1410, and now seek dismissal of all claims.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss any count of a complaint that fails "to state a claim upon which relief can be granted." In evaluating a motion to dismiss, the Court "must treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation" or an inference unsupported by the facts set forth in the Complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). The Court will also consider the facts set forth in Plaintiffs' Opposition to the Motion to Dismiss. See Brown v. Whole Foods Mkt. Grp., Inc., 789 F.3d 146, 152 (D.C. Cir. 2015).

Rule 12(b)(6)'s pleading standard is "not meant to impose a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), as a count will survive so long as there is a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Dura Pharm., 544 U.S. at 347). While "detailed factual allegations" are not necessary to withstand a dismissal motion, id. at 555, a complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In other words, a plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint may survive even if "'recovery is very remote and unlikely'" or the veracity of the claims are "doubtful in fact" if the factual

3

matter alleged in the complaint is "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**III. Analysis**

In seeking dismissal here, Defendants argue that each of Plaintiff's causes of action is facially defective. The Court largely treats them in turn.

    A.    <u>D.C. Code §§ 32-1117(e), -1103(a)(1) (Counts I & III)</u>

In her first and third causes of action, Grant asserts that Defendants violated provisions of the D.C. Occupational Safety and Health Act, found at D.C. Code § 32-1101 *et seq.* More specifically, by denying Grant medical assistance, she alleges in the former count that the vessel's captain somehowviolated D.C. Code § 32-1117(e), which "makes it an unlawful practice to 'discipline an employee for refusal to perform work that the employee believes creates a dangerous situation that could cause harm to the physical health or threatens the safety of the employee.'" Am. Compl. at ECF p. 9 & ¶ 28 (quoting § 32-1117(e)). Count III posits a violation of § 32-1103(a)(1), apparently on the ground that the ship's employees were not "properly trained in basic medical first aid, trauma, and life saving techniques." <u>Id.</u> at ECF p. 12 & ¶ 40.

Although it is not clear from the Amended Complaint how Defendants purportedly violated these provisions, a more fundamental obstacle blocks Grant's path forward – *viz.*, the statute does not provide a private right of action. As to the former count, only the D.C. Occupational Safety and Health Commission may determine whether a violation has occurred and order appropriate relief. <u>See</u> § 32-1117 (detailing procedure for filing complaint with Commission, after which can appeal to D.C. Court of Appeals); <u>cf. also</u> <u>Johnson v. Interstate Mgmt. Co.</u>, 849 F.3d 1093, 1096-97 (D.C. Cir. 2017) (holding no private cause of action in 29

4

U.S.C. § 660(c)(2), federal analog to D.C. Code § 32-1117(b)).  Similarly, the latter count is also only enforceable by the Mayor and her delegates.  See D.C. Code § 32-1107(a).  For these two concerns to be addressed, therefore, Plaintiff must seek assistance through the appropriate governmental channels.

B.  D.C. Code § 32-808(a) (Count II)

Plaintiff's next foray into the D.C. Code is more successful. Grant invokes § 32-808(a) for the principle that her employer must furnish a safe place of employment.  See ECF p. 10. Judge Ellen Huvelle of this District has recently explained that this statute (unlike those discussed above) does provide a private right of action akin to common-law negligence, see Krieger v. American Maintenance Co., Inc., 2017 WL 1653157, at *1-2 (D.D.C. May 2, 2017), as Defendants candidly acknowledge.  See Mot. at 7.

The cruise lines nonetheless argue that dismissal is proper because Grant "alleges she was injured by intentional torts, not by a negligently created unsafe condition."  Id.  Particularly as we are dealing with a *pro se* Plaintiff, the Court believes this to be parsing her Amended Complaint too finely.  The actions that the crew took in docking and in handling the lines could be construed as negligent, rather than intentional, so the Court will permit this count to proceed.

C.  D.C. Code § 12-301(8) (Count IV)

Grant also lists as an independent count the statute of limitations that applies to non-enumerated causes of action, § 12-301(8).  See Am. Compl. at ECF p. 13.  Needless to say, a statute of limitations does not constitute a stand-alone basis for a cause of action.  To the extent that Plaintiff mentions Defendants' negligence in the body of this count, the Court has already permitted her statutory workplace-negligence claim (Count II) to go forward.

D.     46 U.S.C. § 30104 (Count IV in No. 17-1410)

The final cause of action Plaintiff arguably asserts is contained in her Amended Complaint in No. 17-1410, which makes a passing reference in the heading of Count IV to 46 U.S.C. § 30104. See ECF No. 16 at p. 13. This section, known as the Jones Act, grants to "a seaman injured in the course of employment" the right "to bring a civil action at law, with the right of trial by jury, against the employer." As Defendant points out, Grant offers no allegations that she or Defendants are covered by the Act – *e.g.*, that she falls within the definition of "seaman" and that the ship's operation in the D.C. harbor renders it subject to federal maritime law. Although the Court will dismiss the claim as insufficiently pled, it will do so without prejudice so that she may seek leave to amend if she believes she comes within the statute's purview.

**IV.    Conclusion**

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss as to all causes of action but Count II. An Order to that effect will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 16, 2017