UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAMEA GRANT,<br><br>Plaintiff,<br><br>v.<br><br>ENTERTAINMENT CRUISES, INC.;<br>SPIRIT CRUISES, LLC,<br><br>Defendants. | Civil Action Nos. 17-1159 (JEB)<br>17-1410 (JEB) |

**MEMORANDUM OPINION AND ORDER**

In response to a Memorandum Opinion granting in part Entertainment Cruises and its subsidiary Spirit Cruises' motion to dismiss, *pro se* Plaintiff Tamea Grant seeks again to plead a cause of action under the federal Jones Act, a maritime statute. Although her proposed Second Amended Complaint is somewhat convoluted on this score, the Court will nevertheless grant her Motion.

**I.    Background**

As explained in the prior Opinion, this case finds its genesis in Grant's work as a deckhand on vessels operated by Spirit Cruises in the District of Columbia's harbor. Grant v. Entertainment Cruises, Inc. (Grant I), 2017 WL 4675737, at *1 (D.D.C. Oct. 16, 2017). While her factual allegations remain rather opaque, the ship captain's purported negligence on an April 2015 cruise apparently resulted in certain injuries to Grant's head and elbow. Id. Plaintiff subsequently filed two essentially identical actions, one against Spirit and the other against its parent company, Entertainment Cruises, both in District of Columbia Superior Court. After

1

removal on diversity grounds, this Court consolidated the cases. See No. 17-1410, Minute Order of Aug. 29, 2017.

Grant's Amended Complaint set out four causes of action, all found in the D.C. Code: violations of §§ 32-1103(a) & 1117(e) (occupational safety), 32-808(a) (safe place of employment), and 12-301(8) (statute of limitations). Grant I, 2017 WL 4675737, at *1. Additionally, the Amended Complaint in No. 17-1410 obliquely referenced a claim under 46 U.S.C. § 30104 (Jones Act) and "federal maritime law." Id. In the prior Opinion, this Court dismissed all of her counts, except for that under § 32-808(a), which alleged Defendants had negligently failed to furnish a safe place of employment. Id. at *2-3. As to her claim under the Jones Act, which pertains to injured seamen, the Court found Grant had insufficiently pled that cause of action, but permitted her leave to amend. Id. at *3. She has now done so.

Before explaining her new allegations, the Court pauses to note that, as Defendants correctly point out, the Order accompanying the prior Opinion incorrectly stated that "[a]ll causes of action in both cases are DISMISSED WITH PREJUDICE, with the exception of Count II." ECF No. 29. The dismissal of the Jones Act claim, as the Opinion expressly noted, was actually "without prejudice." Grant I, 2017 WL 4675737, at *3 (emphasis added). As a result, Grant is clearly within her rights to seek amendment.

In her prior Amended Complaint, the heading for Count IV had included language saying, "Pursuant to Personal Injury, U.S. Code 46 § 30104, Federal Maritime Law, Based on Negligence." No. 17-1410, ECF No. 16 at p. 13. The body of the count, however, said nothing about the Jones Act, which is indeed found at § 30104, or how Grant satisfied the elements of pleading such a claim. See Grant I, 2017 WL 4675737, at *3. This time around, she alters the language in the heading of Count IV, which now refers to "U.S.C. Title 46, Appendix-Shipping,

Chapter 18-Merchant Seamen (§668), Subchapter VII – Protection and Relief, Recovery for Injury to or Death of a Seaman . . . Admiralty, Maritime, and Prize Cases and General Maritime Law." ECF No. 33 at ECF p. 14. In addition, in the body of the count, Plaintiff alleges that Defendants behaved negligently on the April 15 cruise, thereby causing her injuries. The cruise lines contest such amendment.

## II.     Standard of Review

A plaintiff may amend her complaint once within 21 days of serving it or within 21 days of the filing of a responsive pleading. See Fed. R. Civ. P. 15(a)(1). Otherwise, she must seek consent from the defendant or leave from the court. The latter permission "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to file an amended complaint, courts may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). "The defendant bears the burden of demonstrating that a plaintiff's motion to file an amended complaint should be denied." Clayton v. District of Columbia, 999 F. Supp. 2d 178, 183 (D.D.C. 2013).

It is clear, as mentioned, that amendment should not be permitted if it would be futile. Foman, 371 U.S. at 182 (noting "futility of amendment" is permissible reason to deny Rule 15(a) motion). In other words, if the new or amended causes of action would still be deficient notwithstanding the proposed amendment, courts need not grant leave. In re Interbank Funding Corp. Securities Litigation, 629 F.3d 213, 218 (D.C. Cir. 2010) ("[A] district court may properly

deny a motion to amend if the amended pleading would not survive a motion to dismiss.");
James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

**III.    Analysis**

Although Plaintiff's latest effort now cites 46 U.S.C. § 668, a former iteration of the Jones Act, the Court, reading her *pro se* pleading liberally, believes she desires to rely on the current version of that statute. The Act, which "created a statutory cause of action for negligence," Atlantic Sounding Co., Inc. v. Townsend, 557 U.S. 404, 415 (2009), entitles "[a] seaman injured in the course of employment . . . to bring a civil action at law . . . against the employer." 46 U.S.C. § 30104. As the Supreme Court has explained, "The Jones Act does not define 'seaman.' . . . [W]e assume that when a statute uses such a term, Congress intended it to have its established meaning." McDermott Intern., Inc. v. Wilander, 498 U.S. 337, 342 (1991) (citations omitted). The Court ultimately held that "the key to seaman status is employment-related connection to a vessel in navigation." Id. at 355.

Although a number of Jones Act cases revolve around whether a plaintiff's employment is sufficiently connected to the vessel's voyage, there is no dispute on that front here, given that Grant was a deckhand on the ship for two months. See Harbor Tug and Barge Co. v. Papai, 520 U.S. 548, 554 (1997) ("an employee's duties must contribut[e] to the function of the vessel or to the accomplishment of its mission") (internal quotation marks and citation omitted; alteration in original). The next question is whether the boat was a "vessel in navigation." See, e.g., O'Hara v. Weeks Marine, Inc., 928 F. Supp. 257, 259 (E.D.N.Y. 1996) (holding materials barge used as work platform not vessel in navigation). Defendants here do not contend that a ship providing a

4

harbor cruise is somehow unprotected, and, in fact, "a watercraft need not be in motion to qualify as a vessel." Stewart v. Dutra Const. Co., 543 U.S. 481, 495 (2005).  This is, moreover, typically a factual issue for the jury.  Chandris, Inc. v. Latsis, 515 U.S. 347, 373 (1995) ("the underlying inquiry whether a vessel is or is not 'in navigation' for Jones Act purposes is a fact-intensive question that is normally for the jury and not the court to decide").

Defendants are no doubt correct that the claim could have been better and more clearly pled, but the Court believes that it sufficiently alleges negligence on a vessel in navigation to survive a motion to dismiss.  In any event, as Defendants themselves recognize, see Opp. at 3, the count is essentially duplicative of the other negligence count.  Although certain common-law defenses may not be available, see Rannals v. Diamond Jo Casino, 265 F.3d 442, 448 (6th Cir. 2001), Defendants have not argued that inclusion of this count causes them prejudice going forward.

### IV. Conclusion

The Court, accordingly, ORDERS that:

1. Plaintiff's Motion to Amend is GRANTED; and

2. The Second Amended Complaint is deemed FILED.

IT IS SO ORDERED.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:   December 7, 2017