UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAMEA GRANT,<br><br>    Plaintiff,<br><br>    v.<br><br>ENTERTAINMENT CRUISES, INC.;<br>SPIRIT CRUISES, LLC,<br><br>    Defendants. | Civil Action Nos. 17-1159 (JEB)<br>                         17-1410 (JEB) |

## MEMORANDUM OPINION AND ORDER

Following a couple of prior Opinions of this Court, what remains of Tamea Grant's *pro se* suit are two causes of action, one under the District of Columbia's Industrial Safety Act (ISA) and the other under the federal Jones Act, a maritime statute. Although Plaintiff, a deckhand on a local cruise ship who allegedly suffered injuries during a docking incident, wishes to proceed with both, such desire must yield to federal preemption law. As Defendants' new Motion to Dismiss correctly posits, the federal claim preempts the local, such that only the former may go forward.

In its first Memorandum Opinion, the Court dismissed the entire Amended Complaint, except for Count II, which stated a claim under the ISA, D.C. Code § 32-808(a). Grant v. Entertainment Cruises, Inc., 2017 WL 4675737 (D.D.C. Oct. 16, 2017). Interpreting that Act as "provid[ing] a private right of action akin to common-law negligence," the Court held this cause of action to be sufficiently pled. Id. at *2 (citation omitted). It subsequently allowed Plaintiff leave to amend to add a claim under the Jones Act, 46 U.S.C. § 30104, which created a statutory negligence action for seamen injured on a vessel in navigation. Grant v. Entertainment Cruises,

1

Inc., 2017 WL 6271271, at *2-3 (D.D.C. Dec. 7, 2017). She thus currently has two counts that are afloat.

Given this successful amendment, the cruise lines now argue that the Jones Act provides the exclusive remedy for a seaman injured in the circumstances Grant alleges. The Supreme Court has said as much, while admittedly in the context of wrongful-death cases. See Miles v. Apex Marine Corp., 498 U.S. 19, 26 (1990) ("[T]he Jones Act pre-empts state law remedies for the death or injury of a seaman.") (citing Gillespie v. United States Steel Corp., 379 U.S. 148, 154-56 (1964)). Other courts have understandably followed such prescription in injury-only cases where the employer is the defendant. See, e.g., Ellenwood v. Exxon Shipping Co., 984 F.2d 1270, 1283 (1st Cir. 1993) ("[T]he Jones Act provides the exclusive recovery in negligence for claims by seamen against their employers."); Beltia v. Sidney Torres Marine Transport, Inc., 701 F.2d 491, 493 (5th Cir. 1983) (Jones Act "sole basis upon which a seaman . . . may sue his employer for negligence") (citation and internal quotation marks omitted); Lorenzana v. Gulf Coast Marine & Associates, Inc., 2010 WL 3766612, at *4 (E.D. Tex. Sept. 20, 2010) ("[S]tate causes of action for negligence and gross negligence must also be preempted by the Jones Act and general federal maritime law.").

Given the state of the law, Grant may now proceed on her Jones Act claim, but no other. The ISA count must thus fall by the wayside. The Court, consequently, ORDERS that:

1. Defendants' Motion to Dismiss is GRANTED; and

2. Plaintiff's ISA count is DISMISSED.

IT IS SO ORDERED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: January 18, 2018